**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 3:22 CR 291 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **JOSEPH DEJESUS,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

### INTRODUCTION

Currently pending before the Court is Defendant Joseph DeJesus's *pro se* Motion to Correct Jail Time/Transcript. (Doc. 34). The Government responded in opposition. (Doc. 36). For the reasons set forth below, the Court denies Defendant's Motion.

### BACKGROUND

Defendant was indicted on June 1, 2022, with one count of felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 992(g)(1) and 924(a)(2). (Doc. 1).

On February 16, 2023, Defendant pled guilty to the indictment.

On June 8, 2023, the Court sentenced Defendant to 42 months imprisonment followed by three years of supervised release, to run concurrently to a New Jersey state sentence:

> The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **FORTY-TWO (42) MONTHS as to Count One (1) of the Indictment, to RUN CONCURRENTLY with the Defendant's undischarged term of imprisonment as imposed in case 17-09-00367 in the Superior Court of New Jersey, Sussex County, Newton, New Jersey.**

(Doc. 26, at 2).

In December 2024, Petitioner filed a motion to reduce his sentence pursuant to U.S.S.G. Amendment 821. (Doc. 30). The Court granted that motion, reducing Defendant's sentence from 42 to 37 months. (Doc. 32).

On February 19, 2025, the Court received Defendant's currently-pending motion to correct. (Doc. 34). Therein, Defendant contends he was given credit at sentencing for federal time served. *Id.* at 1. He explains that he was taken into custody on November 15, 2022, and remained in custody throughout. *Id.* Specifically, he contends:

> At the time the transcript record was calculated, there were no documents reflecting federal time to be taken into consideration. The Defendant has since gathered the required documents (See attached) and is requesting the Defendant[']s transcript be updated to reflect the federal time.

*Id.* at 2. Specifically, he requests the Court "order that the transcript be corrected to reflect the dates of November 15, 2022 to June 8, 2023." *Id.*

Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Cumberland in Cumberland, Maryland.

## DISCUSSION

The Government contends that neither Federal Criminal Rule 35 nor 28 U.S.C. § 2255 provide a basis for the relief Defendant seeks. (Doc. 36, at 2). It further contends that to the extent Petitioner believes the Bureau of Prisons ("BOP") has miscalculated his sentence, the appropriate remedy is a habeas petition under 28 U.S.C. § 2241 filed in the district court in which Defendant is incarcerated. Defendant does not cite under what authority he contends the Court can grant him the relief requested. As set forth below, the Court agrees with the Government and denies Defendant's motion.

<u>18 U.S.C. § 3582(c) / Federal Criminal Rule 35</u>

A district court generally lacks authority to "modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). There are exceptions to this general rule; however, Defendant has not identified any that apply here. First, a Court may modify a term of imprisonment if:

> **(1)** In any case—
>
>> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> **(i)** extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>>
>>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>>
>> **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court

>may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* Section 3582(c)(1)(B) incorporates modifications permitted by Federal Criminal Rule 35. That rule provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Defendant's motion was not filed within the fourteen-day timeframe contemplated by Rule 35, and the Court agrees with the Government that even if it did, Defendant has not shown any clear error in the sentence. Nor do the other exceptions quoted above apply. Section 3582(c) does not provide a basis for the relief Defendant seeks.

28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a court may grant relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" To obtain relief under § 2255, a prisoner "must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

Defendant's argument, regarding the computation of time served prior to sentencing, does not meet this standard. As such, § 2255 does not provide a basis for the relief he seeks.

28 U.S.C. § 2241

A petition under 28 U.S.C. § 2241 is the proper method for seeking to challenge the execution or manner in which a sentence is served, such as the computation of sentence credits

4

or parole eligibility. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). This includes challenges to how credit for time served prior to sentencing is calculated. *See, e.g.*, *Broadwater v. Sanders*, 59 F. App'x 112 (6th Cir. 2003). Thus, to the extent Defendant's challenge is to how the BOP has calculated his credit for time served prior to his sentencing, § 2241 is the appropriate mechanism by which to do so.

But a § 2241 petition must be filed in the district court having jurisdiction over Defendant's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *Wright*, 557 F.2d at 77 ("The habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts within whose territorial jurisdiction the custodian is located."); *Wooten v. United States*, 2023 WL 5519152, at *2 (6th Cir.) ("When a habeas corpus petitioner challenges his 'present physical confinement,' . . . 'jurisdiction lies in only one district: the district of confinement.'") (quoting *Rumsfeld*, 542 U.S. at 443).

Thus, as the Government correctly states, "if Defendant exhausts his administrative remedies and still believes that the BOP has erred in calculating his sentence, he may file a habeas petition pursuant to 28 U.S.C. § 2241 with the correct district court." (Doc. 36, at 3). Defendant is currently incarcerated at FCI Cumberland in Cumberland, Maryland, which is within the jurisdiction of the District Court for the District of Maryland. Thus, to the extent Defendant seeks to challenge the calculation of his sentence, such a petition must be filed there.

**CONCLUSION**

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion to Correct Jail Time / Transcript (Doc. 34) be, and the same hereby is, DENIED. This denial is without prejudice to any future 28 U.S.C. § 2241 petition.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 21, 2025